UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES FINCHER, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:16-cv-122 |
| SALUS HOME HEALTH SOLUTIONS, LLC, LARRY IRWIN AND MARY IRWIN, INDIVIDUALLY, | § § § § § § | |
| Defendants. | | |

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Agreement for Compromise, Settlement and Release ("Agreement") is entered into by and between Plaintiff James Fincher ("Fincher" or "Plaintiff"), and Defendants Salus Home Health Solutions, LLC, Larry Irwin and Mary Irwin ("Defendants"). Plaintiff and Defendants are sometimes collectively referred to as the "Parties" or singularly as a "Party."

### RECITALS

A.   On or about February 19, 2016, Plaintiff brought suit against Defendants for alleged sums due in the form of back wages and other damages. This suit was styled *James Fincher v. Salus Home Health Solutions, LLC, Larry Irwin and Mary Irwin, Individually*, Civil Action No. 4:16-cv-122, in the United States District Court for the Eastern District of Texas (the "Lawsuit"). Defendants denied that they were liable for any wages or damages to Plaintiff.

B.   The Parties desire to dismiss the Lawsuit, and to avoid further controversy, costs and expenses, and to fully compromise, settle, release and dispose of all claims, liabilities and controversies between them with respect to the Lawsuit, which are or might be asserted by or between them.

NOW, THEREFORE, in consideration of the recitals, covenants, terms, conditions, payments, releases, mutual promises, and agreements set forth herein, the receipt and sufficiency of which are acknowledged, and to compromise and settle all disputes and claims between the Parties, they agree as follows:

1.   **Terms of Settlement**. Subject to the execution of this Agreement by all Parties, and the timely performance by each Party of the terms and conditions of this Agreement (all as more fully detailed below), the Parties understand and agree as follows:

(a) Defendants, without any admission of liability or other obligation to Plaintiff and solely for the purpose of avoiding the costs and uncertainties of continued dispute and in return for a full release by Plaintiff, agree to pay Plaintiff the total sum of two-thousand, seven hundred and twelve dollars and 84/100 cents ($2,712.84) as follows:

(i) a check made payable to James Fincher in the sum of $500.00, less necessary deductions such that the sum be treated as a payment of wages, as full and final settlement; and

(ii) a check made payable to Dunham & Jones, P.C. in the sum of $2,212.84; and

(b) In exchange for the above referenced payment, Plaintiff, James Fincher releases Defendants as identified herein.

(c) The Parties agree that a condition precedent to the Plaintiff's right to receive the payment(s) outlined in this Section 1 is Court approval of this settlement. If the Court presiding over the Lawsuit fails to approve this Agreement, Plaintiff shall not be entitled to any monies under this Agreement and Defendants shall not be released.

(d) The Parties agree that payment of sums under this Agreement shall not be made until and unless the Court presiding over the Lawsuit approves this Agreement and a Motion to Dismiss all claims in the Lawsuit is filed with the Court.

2. **Mutual Representations and Warranties**. As consideration for the payment, dismissal and release of Claims (defined below) provided in this Agreement, the Parties represent and warrant to each other the following:

(a) Each Party has the full power and capacity to execute, deliver and perform all of the obligations pursuant to this Agreement and the various Exhibits, if any, executed and delivered in connection therewith, and this Agreement and all Exhibits, if any, constitute the valid and binding obligations of the Parties and are enforceable in accordance with their terms;

(b) Each Party has retained independent legal counsel to evaluate the terms of this Agreement and the advisability of executing this Agreement. Neither Party has relied, in any way upon representations, statements, or other information provided by the other Party in connection with evaluating terms of this Agreement, the underlying facts and circumstances, or the advisability of executing this Agreement. Each Party agrees that this clause was expressly negotiated and that it is the intent of the Parties to fully and completely resolve all matters in dispute between them;

INITIALS

(c)   Each Party has no other claims or disputes against the other Party and represents and warrants that they are the sole owner and holder of any interest in the Lawsuit or otherwise related to the events giving rise to the Lawsuit;

(d)   Each Party has not assigned, transferred, or granted, or purported to assign, transfer or grant to any third party any of their rights to the Lawsuit, or any right to any Claim which they may have with respect to the Lawsuit, has disclosed any subrogated interest in the Lawsuit or this Agreement, which may be owned or which may have been acquired in whole or in part by any third party, and has not failed to disclose to the other Party information regarding any actual, claimed or contested assignment, subrogation, or transfer of Claims to any third party;

(e)   Except for the warranties, representations, covenants, terms and conditions specifically set forth herein, in executing this Agreement, neither Party has received nor relied upon any oral or written representation of any other Party regarding any fact, circumstance, condition, legal effect or promise of future action and, specifically, no representations have been made by any attorney or agent of any Party released about the nature or extent of any damages; and

(f)   IT IS EXPRESSLY UNDERSTOOD that the Parties may have suffered harm and/or damages that are unknown at this time and that unknown complications of present harm may arise, develop or be discovered in the future. It is acknowledged that the consideration received is intended to and does release and discharge any claims or consequences thereof and extinguishes any right to assert in the future any claims not now known or suspected.

3.   **Release by Plaintiff**.   Plaintiff and his respective representatives, agents, attorneys, insurance carriers, heirs, administrators, executors, successors and assigns (collectively Plaintiff and his Representatives") hereby release unconditionally and forever release, acquit and forever discharge ("Release") the Defendants, and their representatives, officers, directors, agents, attorneys, officers, directors, employees, predecessors, insurance carrier, successors, parent companies, and subsidiaries and assigns (collectively "Defendants and their Representatives") from all claims of whatsoever nature that Plaintiff and his Representatives may have against the Defendants and their Representatives arising from or in any way related to Plaintiff's employment with the Defendants and their Representatives. Such Release shall include, but not be limited to, all claims of whatsoever nature that Plaintiff and his Representatives may have against the Defendants and their Representatives arising from or in any way related to the termination of Plaintiff's employment, and from any and all claims that Plaintiff and his Representatives may have against any of the Defendants and their Representatives arising from any act occurring prior to the execution of this document, including, without limitation, any claim, demand, action, cause of action or right, including claims for attorney's fees, based on but not limited to: (a) the Americans with Disabilities Act of 1990, as amended; (b) Title VII of the Civil Rights Act of 1964, as amended and including 42 U.S.C. Sec 2000(e) et seq.; (c) the Civil Rights Act of 1991; (d) The Civil Rights Acts of 1866, 1871 and 1964, as amended; (e) 42 U.S.C. Sec 1981; (f) the Equal Pay Act of 1963; (g) the Fair

Labor Standards Act, as amended; (h) the Rehabilitation Act of 1973, as amended; (i) the Texas Commission on Human Rights Act of 1983, as amended; (j) the Family Medical Leave Act of 1993, codified as 29 U.S.C. §§ 2601, *et seq.*, as amended; (k) Texas Labor Code §§ 451.001, *et seq.*; (l) the National Labor Relations Act; (m) the Uniformed Services Employment and Reemployment Rights Act of 1994, as amended; (n) the Employee Retirement Income Security Act, as amended; (o) any existing employment agreement or potential entitlement under any Company program or plan; and (p) any law, including all suits in tort or contract, including wrongful termination and claims for reimbursement, bonus, incentives, commissions, compensation and benefits, defamation, damage to business reputation, impairment of economic opportunity, and any other claims for compensatory, statutory, or punitive damages (collectively "Claim").

This Release specifically includes, but is not limited to, any and all claims arising out of, connected with, concerning or relating in any way to the Lawsuit, and/or any issues or causes of action involved in the Lawsuit or which could have been asserted, including, but not limited to any affirmative claim, or any other statutory or common law cause of action. It is understood by the Parties that this Release extends to and includes, but is not limited to, all damages of every kind, whether compensatory, exemplary, punitive, at common law, statutory, contractual, or under warranty, occurring both in the past and which may occur in the future. However, the parties agree that this release does not release any personal injury claims that Plaintiff may have. **THIS IS A FULL, COMPLETE AND GENERAL RELEASE OF ALL EMPLOYMENT BASED CLAIMS RELATED TO THE LAWSUIT.** This Release does not release any obligations created by this Agreement.

Plaintiff agrees and understands that this Agreement is not intended to interfere with Plaintiff's right to file a charge with the Equal Employment Opportunity Commission (the "EEOC"), the National Labor Relations Board (the "NLRB"), the Department of Labor ("DOL"), Texas Commission on Human Rights or any other governmental agency in connection with any claim Plaintiff has against the Defendants and their Representatives. However, by executing this Agreement, Plaintiff hereby waives the right to recover in any proceeding Plaintiff may bring before the EEOC, NLRB, DOL, or any state or federal agency, in any proceeding brought by the EEOC, NLRB, DOL, or any state or federal agency on Plaintiff's behalf.

4. **Future Employment**. Plaintiff hereby relinquishes any right to re-employment with Defendants and their Representatives after Plaintiff executes this Agreement. Plaintiff agrees that Plaintiff no longer desires employment with Defendants and their Representatives, and that Plaintiff shall not seek, apply for, accept or otherwise pursue employment with Defendants and their Representatives. Plaintiff acknowledges that if Plaintiff re-applies for or seeks employment with Defendants and their Representatives, Defendants and their Representatives' refusal to hire Plaintiff based on this provision will provide a complete defense to any claims arising from any attempt by me to apply for employment.

5. **Miscellaneous Provisions**.

(a) **No Admission of Liability**. Each Party acknowledges that this is a compromise of disputed claims and, pursuant to the Texas Rules of Evidence no part of this Agreement is admissible to prove liability for the Claims. No evidence of conduct or statements made in compromise negotiations is admissible. It is expressly understood and agreed that this Agreement does not constitute an admission of liability or fault whatsoever on the part of Defendants, by whom liability is expressly denied. The settlement hereby effected is exclusively a settlement of disputed, denied, and uncertain claims, without concession or confession of liability in any form or manner by either Party, made solely to avoid the costs and uncertainties of continued litigation.

(b) **No Construction Against Drafter**. Each Party has cooperated in the drafting and preparation of this Agreement. Therefore, in any construction to be made of this Agreement, the Agreement shall not be construed for or against either Party.

(c) **Binding Effect**. The terms and provisions of this Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, affiliates, legal representatives, successors, and permitted assigns. If a court of competent jurisdiction determines that any provision of this Agreement is invalid, void, or unenforceable, then the remaining provisions shall nevertheless survive and continue in full force and effect.

(d) **Descriptive Headings**. The descriptive headings of the several sections of this Agreement are inserted for reference purposes only and do not constitute a part of this Agreement, nor are they intended in any way to affect the meaning or interpretation of this Agreement.

(e) **Governing Law and Venue**. This Agreement and the obligations hereunder shall be interpreted, construed, and enforced in accordance with the laws of the State of Texas, and this Agreement is performable in Dallas County, Texas.

(f) **Confidentiality and Non-Disparagement**. The Parties agree that this Agreement, and the terms hereof, are confidential and each agrees not to reveal any terms of this Agreement without the prior written consent of the other Parties except to their respective attorneys or unless ordered to do so by subpoena or order of a court of competent jurisdiction. The Parties agree and covenant that each shall not make or cause to be made any statement or communicate any information (whether written or oral) that disparages or is likely in any way to harm the reputation of any Party hereto. The Parties agree that confidentiality and non-disparagement are material inducements for them to enter into this Agreement.

(g) **Dispute Resolution**. The Parties agree that any dispute arising out of or relating to this Agreement will be subject to binding arbitration in accordance with the employment rules of the American Arbitration Association and the Parties agree to be bound by the determination of the arbitrator selected and that no appeal will be taken from that determination.

(h)   **Counterparts**. This Agreement may be executed and delivered by the Parties hereto in any number of counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

(i)   **Further Documentation**. The Parties agree to execute such documents as are necessary to effectuate this Agreement. The Parties further agree to the entry of a judgment disposing of any claims, counterclaims, cross-actions or any third party claims filed in this action or which could have been filed in this action.

(j)   **Terms Contractual.** It is expressly understood and agreed among the Parties that the terms of this Agreement are contractual and not merely recitals and that the agreements herein contained and the consideration transferred is to compromise doubtful and disputed claims and expenses, and buy peace, and it is further agreed that no payments made nor releases or other consideration given shall be construed as an admission of liability, all liability being expressly denied.

(k)   **Dismissal of Lawsuit.** Upon full Execution of this Agreement and payment of the amount set forth herein, the Parties agree to execute and file a joint motion to dismiss with prejudice all claims and Parties in the Lawsuit.

(l)   **Prior Agreements Superseded.** This Agreement supersedes all prior agreements, written or oral, between the Parties, including but not limited to any Rule 11 Agreement executed as a precursor to final settlement in this case. It is further understood and agreed that all future rights and obligations of the Parties as to each other shall be governed solely by this Agreement.

(m)   **Taxes**. The Parties understand and agree that none of the Parties or their attorneys have made any representations or warranties regarding the taxability or non-taxability of any of the consideration exchanged pursuant to this Agreement.

(n)   **No Oral Modification**. This Agreement may not be modified, amended, or terminated orally. No modification, amendment, termination, or any waiver of any of the provisions of this Agreement, shall be binding unless same is in writing and personally signed by the person against whom such modification, amendment, termination, or waiver is sought to be enforced. The Parties further agree and state that it is their intent that the Texas Uniform Electronic Transactions Act (Section 322.001, et seq., TEX. BUS. & COMM. CODE) shall not apply to any attempt to modify this Agreement.

(o)   **Waiver.** The failure of any of the Parties to enforce at any time any provision of this Agreement shall not be construed to be a waiver of such provision, nor in any way affect the validity of this Agreement or any part thereof or any right of any person thereafter to enforce each and every provision. No waiver of any breach of this Agreement shall be held to constitute a waiver of any other breach.


(p) <u>Third-Party Beneficiaries</u>. Except as otherwise provided in this Agreement, this Agreement is intended to benefit only the Parties and may be enforced solely by the Parties, their successors in interest or permitted assigns. It is not intended to, and shall not, create rights, remedies or benefits of any character whatsoever in favor of any persons, corporations, associations, or entities other than the Parties, except as provided herein.

THIS AGREEMENT AND EXHIBITS, IF ANY, TOGETHER CONSTITUTE THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES EXCEPT BY AN AGREEMENT IN WRITING EXECUTED BY THE PARTY TO BE CHARGED. THERE ARE NO ORAL, UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Effective Date: 5/27/, 2016.

JAMES FINCHER

Dated: 5/27/2016

SALUS HOME HEALTH SOLUTIONS, LLC

By: _____
ITS DULY AUTHORIZED AGENT

Dated: 5/27/2016

LARRY IRWIN

Dated: 5/27/2016

MARY IRWIN

AGREEMENT FOR COMPROMISE, SETTLEMENT AND RELEASE – PAGE 7
3365431.1

_____

Dated: 5/27/2016